## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

MODERN FORGE INDIANA, LLC,   )
a Delaware Limited Liability       )
Company,                           )
                                )
      Plaintiff,             )
                                )
-vs-                       )     Case No. CIV-20-1241-F
                                )
EMKADE DISTRIBUTION USA    )
INC., an Oklahoma Corporation, et al., )
                                )
      Defendants.         )

## ORDER

Plaintiff has filed a first amended complaint (doc. no. 13) in response to the court's order of December 11, 2020 (doc. no. 7), which required plaintiff to amend to include missing jurisdictional allegations.  The first amended complaint, however, remains deficient.

The allegation in ¶ 6 of the first amended complaint which states that "Plaintiff [Modern Forge Indiana, LLC] is a citizen of Delaware and is wholly owned by Modern Forge Companies, LLC which is also a citizen of Delaware," is unclear and/or incomplete.

1.  As explained in the court's December 11 order, an LLC is a citizen of every state in which a member of the LLC is a citizen.  Accordingly, the allegation that plaintiff Modern Forge Indiana, LLC "is wholly owned by its parent company, Modern Forge Companies, LLC" is unclear.  If, by this allegation, plaintiff intends to allege that Modern Forge Companies, LLC is the sole member of plaintiff Modern Forge Indiana, LLC, that fact should be clarified in the allegations.  If that is not the

situation, then plaintiff must allege who its members are as well as their respective states of citizenship down through all levels.

2. Assuming the pleadings are clarified to allege that Modern Forge Companies, LLC is the sole member of plaintiff Modern Forge Indiana, LLC, then Modern Forge Companies, LLC's citizenship must be determined to determine all of the states in which plaintiff is deemed a citizen. Based on the allegations now before the court, it appears Modern Forge Companies, LLC is a citizen of: Delaware (the state in which one of its members, Modern Group, Inc., is incorporated); Illinois (the state in which the same member, Modern Group, Inc., has its principal place of business); and all states in which the individual members of Modern Forge Companies, LLC (Gregory P. Heim, Gregory J. Heim, Matthew J. Heim, and Richard L. Heim) are citizens. (As explained in part 3, below, it is not sufficient to allege the states in which these individuals are residents.) Assuming for now that Modern Forge Companies, LLC is a member of plaintiff Modern Forge Indiana, LLC, then plaintiff is deemed a citizen of each and every state in which Modern Forge Companies, LLC is a citizen.

3. The first amended complaint alleges that the members of Modern Group, Inc. include individuals who are residents of Indiana or Illinois. For purposes of §1332, however, citizenship and residence are two entirely distinct concepts.[1] To support diversity jurisdiction, plaintiff must allege these individual's specific state of citizenship.

---

[1] A natural person is a citizen of the state in which he or she is domiciled. Crowley v. Glaze, 710 F.2d 676, 678 (10th Cir. 1983). Residence is not the equivalent of citizenship. State Farm Mut. Auto. Ins. Co. v. Dyer, 19 F.3d 514, 520 (10th Cir. 1994); Walden v. Broce Const. Co., 357 F.2d 242, 245 (10th Cir. 1966). For any number of reasons, an individual can "reside" in one place but be domiciled in another place. For adults, domicile is established by physical presence in a place, coupled with an intent to remain there. Mississippi Band of Choctaw Indians v. Holyfield, 498 U.S. 426, 428 (1989). A person's domicile is determined at the time the action is filed. Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426, 428 (1991).

Plaintiff is given leave to file a second amended complaint **DUE** within fourteen days of the date of this order.  The second amended complaint <u>must</u> either allege <u>all</u> missing jurisdictional information identified by the court in its orders or state plaintiff's reasons for its inability to do so.[2]  If, after reviewing the court's orders, plaintiff is confused about what information must be alleged in support of diversity jurisdiction, plaintiff may move for clarification, identifying which of the court's directives plaintiff finds unclear.  Absent compliance with the court's orders, this action will be dismissed without prejudice.

IT IS SO ORDERED this 11th day of February, 2021.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

20-1241p004.docx

---

[2] Lest it be thought that these requirements exalt formalities a bit too much, the court will note that it is not unusual for the Court of Appeals, after a case has run its entire course in the District Court, to remand a case because the jurisdictional allegations made at the very outset of the case were deficient – a turn of events that can and should be avoided so that the parties may litigate on the merits without having to worry about losing the benefit of a judgment in the final stage of the litigation.